FILED

JUL 1 6 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TOD N. ROCKEFELLER, *319 Sunny View St. Carlsbad, N.M. 88220 505-628-...*
former ENVIRONMENTAL SCIENTIST,
WIPP SITE TEAM,
CARLSBAD AREA OFFICE,
UNITED STATES
DEPARTMENT OF ENERGY,
  Plaintiff,

v.

WILLIAM H. REHNQUIST in his official
capacity as CHIEF JUSTICE of the
UNITED STATES ("U.S.") JUDICIAL
BRANCH; the U.S. JUDICIAL BRANCH; and
several UNKNOWN JUSTICES of the
SUPREME COURT ("Sup.Ct.") of the U.S.
[ in their official capacities] ,
  Defendants.

CASE NUMBER 1:03CV01538
JUDGE: Reggie B. Walton
DECK TYPE: Civil Rights (non-employme[nt])
DATE STAMP: 07/16/2003

JURY ACTION

Supreme Court of the U.S.
Petition No. 02-1621

10th Circuit
USCA No. 02-2117;

USDC No. 01-399 JP/LCS

## ORIGINAL COMPLAINT

Comes Now, Tod N. Rockefeller, Plaintiff, who asks the Court to hear his complaint against the Defendants as follows:

### I. Introduction

This action is brought by the Plaintiff against the Defendants upon the strength of 18 U.S.C. §§ 242, 371 for criminal violations of the 1st, 5th, and 7th Amendments of the United States ("U.S.") Constitution, violations of the Civil Rights Act of 1964 (42 U.S.C. §§§ 1983, 1985, 1986), and for retaliations taken against him. The prior cases listed above all demonstrate now admitted intentional violations of Plaintiff's rights by Defendants as will be clearly outlined below.

1

## II. Parties

1. The plaintiff, Tod N. Rockefeller, resides at 319 Sunnyview, Carlsbad, New Mexico, 88220. All future correspondence and pleadings may be served upon him at his home address.

2. The Unknown Justices of the Supreme Court of the United States are those who voted to deny Plaintiff's Petition 02-1621 [Enclosures I and II].

3. The Defendants can be served at: Supreme Court of the U.S., 1 First Street, N.E., Washington, DC, 20543; (202) 479 - 3011.

## III. Jurisdiction and Venue

4. This is a complaint brought under 18 U.S.C. §§ 242, 371; the U.S. Constitution; Civil Rights Act of 1964; and the violations of law complained of occurred within the Court's jurisdiction.

5. Jurisdiction and venue are proper in this Court.

6. Case Authorities, which eliminate the immunity of Defendants, include:

   a. *Ex Parte Virginia*, 100 U.S. 339, 348-349 (1880)

   b. *Forrester v. White*, 484 U.S. 219, 230 (1988)

   c. *Gravel v. United States*, 408 U.S. 606, 626, 627 (1972)

   d. *Harlow v. Fitzgerald*, 457 U.S. 800, 815-819 (1982)

   e. *Imbler v. Pachtman*, 424 U.S. 409, 429 (1976)

   f. *O'Shea v. Littleton*, 414 U.S. 488, 503 (1974)

## IV. Exhaustion of Administrative Remedies

7. All administrative processing requirements have been met.

## V. Plaintiff's Standing

8. Plaintiff has suffered injury from Defendants due to their conspiracy with the United States Department of Energy ("DOE") to deprive him of his civil and Constitutional rights. Defendants

had the authority to prevent and / or remedy the injuries inflicted upon Plaintiff, but refused to do so.

9. Sup.Ct. Petition 02-1621 contains a factual and concrete showing of injury to Plaintiff which, again, Defendants refused to remedy. This provides Plaintiff with Article III standing. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 566, 578 (1992).

## VI. Defendants' Liability

10. It is indisputable that Defendants [Supreme Court Justices] set the policy for all of the other courts within the U.S. Judicial Branch.

11. Judges within the 10th Circuit repeatedly violated Plaintiff's rights as described at 9, 10 of Enclosure I.

12. By denying Petition 02-1621 on June 16th, 2003, Defendants not only violated their Article VI Oath to support the Constitution, but also created Respondeat Superior liability for having set the policy for the denial of Plaintiff's rights by the Judicial Branch.

## VII. Judicial Notice of Adjudicative Facts

13. Plaintiff requests that this Court take judicial notice of the adjudicative facts within Enclosures I and II for the justifications provided. First, these Enclosures meet the requirements of Fed.R.Evid. Rule 201(b) in that the facts within them are "not subject to dispute" due to the **silence** of the DOE during those proceedings. Henceforth, the doctrine of admission-by-silence applies. The Ninth Circuit has ruled the following:

> "**The general rule concerning admissions by silence or acquiescence is well established.** When an accusatory statement is made in the defendant's presence and hearing, and he understands and has the opportunity to deny it, the statement and his failure to deny are admissible against him."

See *United States v. Moore*, 522 F.2d 1068, 1075 (9th Cir. 1975). Secondly, further details concerning each Enclosure referenced within Section VIII below, will provide this Court with the "necessary information" required by Fed.R.Evid. Rule 201(d).

14. Enclosures I and II are dealing with proceedings within the <u>Supreme Court of the United States</u> (henceforth "<u>Sup.Ct.</u>"). Additionally: "The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." Charles Allan Wright & Kenneth W. Graham Jr., Federal Practice and Procedure: Evidence sec. 5106, at 505 (1st ed. 1977 & Supp. 1997).

### VIII. Facts

15. The following Enclosures outlined below are fully incorporated herein by reference:

<u>Enclosure I</u> -   Sup.Ct. Petition for Writ of Certiorari, Docket No. 02 - 1621.

<u>Enclosure II</u> -   Sup.Ct. Petition for Writ of Certiorari, Docket No. 02 - 1621.

Appendix - Volume Nos. 4 through 7.

16. Defendants [Supreme Court Justices] set the policy for all of the other courts within the U.S. Judicial Branch.

17. Defendants denied Plaintiff's Petition 02-1621 [Encl. I] on June 16th, 2003.

18. Defendants have violated Plaintiff's civil and Constitutional rights as described within Enclosures I and II.

### IX. Causes of Action

### Defendant's Violation of the Civil Rights Act of 1964, Retaliation

19. Paragraphs 1 through 18 are incorporated herein by reference.

20. Plaintiff participated in protected activities by objecting to the DOE's disregard for safety and seeking assistance from the DOE's Equal Employment Opportunity ("EEO") office.

- 4 -

21. Plaintiff suffered from the conspiracy of Defendants with the DOE as described above.

22. A causal connection exists between the protected activities and Plaintiff's complaints and Petitions being dismissed by Defendants in violation of law as described above.

23. The actions of Defendants constitute violations of the Civil Rights Act of 1964 by way of conspiracy for which Plaintiff seeks damages and injunctive relief.

### Violations of the U.S. Constitution & 18 U.S.C. §§ 242, 371

24. Paragraphs 1 through 23 above are incorporated herein by reference.

25. Plaintiff participated in protected activities by seeking assistance from DOE's EEO office, and objecting to DOE's disregard for safety.

26. A causal connection does exist between the protected activity and Defendants' criminal violation of the United States Constitution.

27. Defendants violated Plaintiff's First Amendment right of Free Speech by punishing him for objecting to DOE's disregard for safety by denying his Petitions.

28. Defendants violated Plaintiff's Fifth Amendment right of Due Process of law by condoning the willful and improper exclusion of relevant admissible evidence.

29. Defendants violated Plaintiff's Seventh Amendment right of Trial by Jury by denying his Petitions.

### X. Damages and Relief Sought

30. As a result of Defendants' violation of the Civil Rights Act of 1964, and the U.S. Constitution, Plaintiff has suffered lost wages, lost retirement and health benefits, professional and personal humiliation, grief, stress and constant worry.

31. Plaintiff seeks the following relief and damages:

    a.    $ 300,000 as a compensatory award for damages to his personal and professional

reputations and mental anguish that he has suffered as a result of Defendants' violation of the Civil Rights Act of 1964,

b. $ 300,000 as a compensatory award for damages to his personal and professional reputations and mental anguish that he has suffered as a result of Defendants' violation of the U.S. Constitution,

c. An award for out of pocket expenses to be proven at trial,

d. Injunctive relief of a remand back to a jury trial of Plaintiff's original consolidated complaints against the DOE above,

e. An award for punitive damages in the amount of $ 1,000,000 for the purpose of punishment to these Defendants for their willful indifference or reckless disregard of Plaintiff's rights and to serve the purpose of deterrence,

f. Any further equitable and legal relief deemed necessary by the court,

## XI. Prayer

The plaintiff prays that this Court order defendants to a full trial on the merits, and that following such trial, defendants be ordered to pay and respond to each and every request for damages and relief as set forth above.

Plaintiff requests a **jury trial** which serves the function of "protecting" a litigant against the "judicial misconduct" which has occurred. See *Ludwig v. Massachusetts*, 427 U.S. 618, 625, 626 ( ). See also *Curtis v. Loether*, 415 U.S. 189, 194 (1974) "A damage action under the statute sounds basically in tort - -. [T]his cause of action is analogous to a number of tort actions under common law."; *Chauffeurs, Teamsters and Helpers Local 391 v. Terry*, 494 U.S. 558 (1990) (suit for compensatory damages, hence plaintiff is entitled to a jury trial); *Woodell v.*

*International Bhd. of Electrical Workers Local 71*, 112 S.Ct. 494 (1991) (entitlement to a jury trial; a claim for injunctive relief was incidental to the damages claim). See also *Baltimore & Carolina Line v. Redman*, 295 U.S. 654, 657 (1913) (the S.Ct. has treated the Seventh Amendment as preserving the right of jury trial in civil cases as it "existed under the English common law when the amendment was adopted."); *Parsons v. Bedford*, 28 U.S. (3 Pet.) 433, 446 (1830).

Respectfully Submitted,

Dated: July 15th, 2003

*[signature]*
Tod N. Rockefeller

319 Sunnyview St.
Carlsbad, NM  88220

(505) 628 - 3541
(Unlisted # due to Harassment Calls)

Plaintiff, *pro se*