UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TOD N. ROCKEFELLER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 03-1538 (RBW) |
| WILLIAM H. REHNQUIST, in his official capacity as Chief Justice of the United States Judicial Branch, et al., | ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

This matter was filed in this Court following the United States Supreme Court's denial of the plaintiff's Petition for a Writ of Certiorari (No. 02-1621) on June 16, 2003. Rockefeller v. Abraham, No. 02-2117, 2003 WL 254879 (10th Cir. Feb. 5, 2003), cert. denied, 123 S. Ct. 2589 (2003). The plaintiff's complaint alleges that as a result of this denial of his petition, the defendants are liable for both civil and criminal violations.[1] Specifically, the plaintiff asserts that the defendants are liable for: (1) criminal violations under 18 U.S.C. § 242 and 18 U.S.C. § 371, for violations of the plaintiff's First, Fifth, and Seventh Amendment rights under the United States Constitution; (2) violations of the Civil Rights Act of 1964, 42 U.S.C. §§ 1983, 1985, 1986, and; (3) for retaliations taken against him. Complaint at 1. Upon consideration of the

---

[1] The defendants include William H. Rehnquist in his official capacity as "Chief Justice of the United States Judicial Branch," "the United States Judicial Branch," and several unknown justices of the United States Supreme Court in their official capacities.

1

applicable legal principles and for the reasons set forth below, the Court must dismiss this case sua sponte because it lacks subject matter jurisdiction to review a decision of the Supreme Court and, in any event, judicial officers are entitled to absolute immunity from civil suits for judicial actions taken in their official capacity.[2] Additionally, the Court will dismiss the plaintiff's criminal claims because the applicable statutes do not permit a plaintiff to bring a private cause of action predicated on the alleged violation of the statutes.

## I.        Factual Background

The plaintiff, a former employee of the Department of Energy ("DOE"), was terminated by the DOE on December 10, 1997, for poor performance. Plaintiff subsequently filed two complaints in the United States District Court for the District of New Mexico, which directly or indirectly related to his termination. See Rockefeller v. Abraham, No. 02-2117, 2003 WL 254879 (10th Cir. Feb. 5, 2003) ("No. 02-2117"), cert. denied, 123 S. Ct. 2589 (2003); Rockefeller v. Abraham, Nos. 01-2054 & 00-2480 (10th Cir. Nov. 15, 2001) (unpublished), cert. denied, 535 U.S. 932 (2002). In No. 02-2117, the plaintiff's case from which the instant claims arise, the Tenth Circuit affirmed the district court's ruling that the DOE was entitled to summary judgment on: (1) the plaintiff's retaliation claim; (2) the plaintiff's claims under the whistle blower provisions of the Toxic Substances Control Act, 42 U.S.C. § 300j-9(i)(2)(A), the Safe Drinking Water Act, 15 U.S.C. § 2622(b)(1), and the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9610(b); (3) the plaintiff's claim concerning the

---

[2] The Court notes that the plaintiff's apparent attempt to add the entire judicial branch as a defendant in this case is futile. This is because the plaintiff fails to assert any additional claims against the judicial branch itself that would survive a motion to dismiss, as he has failed to assert any factual allegations or claims against the judicial branch, and even if he had, any such claims against the judicial branch would have to be dismissed for the same reasons the Court, as set forth below, discusses.

DOE's alleged failure to process his administrative complaint in accordance with the applicable federal regulations, and; (4) the plaintiff's claim that the DOE violated his rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution. The plaintiff then filed a Petition for a writ of certiorari with the Supreme Court, which was subsequently denied on June 16, 2003. Rockefeller, 123 S. Ct. 2589.

This case represents the fourth case filed with this Court by the plaintiff and the third one that will be dismissed, all generally involving his past employment with the DOE and the claims filed in the New Mexico district court actions. See Rockefeller v. United States Court of Appeals for the Tenth Circuit, 248 F. Supp. 2d 17 (D.D.C. 2003) (Walton, J.) (dismissed); United States ex rel. Rockefeller v. Westinghouse Elec. Co., __ F. Supp. 2d __, 2003 WL 21462589 (D.D.C. June 23, 2003) (Walton, J.) (dismissed); Rockefeller v. Whitman, No. 03 Civ. 1240 (Walton, J.) (pending); Rockefeller v. Rehnquist, No. 03 Civ. 1538 (Walton, J.) (now being dismissed).

## II.   Legal Analysis

**(A)   Lack of Subject Matter Jurisdiction**

As a threshold matter, a court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001); see Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); Pitney Bowes, Inc. v. United States Postal Service, 27 F. Supp. 2d 15, 19 (D.D.C. 1998). Federal Rule of Civil Procedure 12(b)(1) requires that the plaintiff bear the burden of establishing by a preponderance of the evidence that the court has jurisdiction to entertain his claims. Fed. R. Civ. P. 12(b)(1); Grand Lodge of Fraternal Order of Police, 185 F.

Supp. 2d at 13; Pitney Bowes, 27 F. Supp. 2d at 19.  While the Court must accept as true all the factual allegations contained in the complaint when deciding whether to dismiss a case pursuant to Rule 12(b)(1), Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), because the plaintiff has the burden of proof to establish jurisdiction, the "'plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim[,]" Grand Lodge of Fraternal Order of Police, 185 F. Supp. 2d at 13-14 (citation omitted).  Therefore, in deciding whether to dismiss a complaint under 12(b)(1), the Court is not limited to the allegations in the complaint but may consider "'such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case.'"  Id. at 14 (citations omitted).

The plaintiff asks this Court to review the Supreme Court's denial of the plaintiff's Petition for Writ of Certiorari.  However, "[i]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."  Panko v. Rodak, 606 F.2d 168, 171 (7th Cir. 1979), cert. denied, 444 U.S. 1081 (1980).  Accordingly, this Court finds that it lacks subject matter jurisdiction to review the Supreme Court's denial of the plaintiff's Petition for Writ of Certiorari.  See Marin v. Suter, 956 F.2d 339, 340 (D.C. Cir. 1992), cert. denied, 506 U.S. 844 (1992); see also Tilli v. Rehnquist, No. 02 Civ. 2108 (D.D.C. Nov. 19, 2002), aff'd, No. 02-5359 (unpublished) (D.C. Cir. Apr. 2, 2003).

**(B)    The Defendants Are Protected By Absolute Immunity**

Even if the Court could exercise jurisdiction over the plaintiff's civil claims, dismissal would still be required because the defendants are being sued for official actions they performed as judicial officers and are therefore entitled to absolute immunity as to those claims.  As the

Supreme Court stated in Forrester v. White, 484 U.S. 219 (1988) (citation omitted), "[i]f judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication." Id. at 226-227.

Public officials are entitled to either absolute or qualified immunity from personal liability in civil actions, depending on the function performed by that official. See id. at 223-224. If the act performed is discretionary, a judge is afforded qualified immunity as long as the judge's behavior does not violate "clearly established statutory or constitutional rights." See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). On the other hand, if the act performed is judicial in character, the judge is afforded absolute immunity, see Forrester, 484 U.S. at 227, as long as he is acting with proper jurisdiction, see Stump v. Sparkman, 435 U.S. 349, 354-55 (1978) (citation omitted).

In Forrester, the Supreme Court characterized "paradigmatic judicial acts" to be those "involved in resolving disputes between parties who have invoked the jurisdiction of a court[.]" 484 U.S. at 227. It is clear that the adjudication of claims by the judicial branch of the United States government, as well as the denial of a writ of certiorari by the Supreme Court, constitute "paradigmatic judicial acts" that are intimately "involved in resolving disputes between parties who have invoked the jurisdiction of a court." Id. Consequently, the plaintiff is precluded from asserting claims against the district court judge, circuit court judges and Supreme Court justices for their actions taken during the course of adjudicating the plaintiff's claims. The district court

5

and circuit court judges[3] were all acting within their judicial capacities when they ruled or affirmed the rulings which dismissed the plaintiff's claims. Similarly, the Supreme Court justices were all clearly acting within their judicial capacities when they decided to deny the plaintiff's Petition for Writ of Certiorari. These actions were all part of the adjudication process initiated by the plaintiff, and therefore are well within the scope of what constitutes "judicial acts" as defined by Forrester. Id. Furthermore, the plaintiff does not suggest that any of the defendants lacked jurisdiction when they performed the acts being challenged by the plaintiff in the instant lawsuit. See 28 U.S.C. § 1331 (stating that a federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1291 (stating that the courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts of the United States"); 28 U.S.C. § 1254 ("[c]ases in the courts of appeals may be reviewed by the Supreme Court . . . [b]y writ of certiorari granted upon the petition of any party to any civil or criminal case, before or after rendition of judgment or decree . . . ."). Thus, even if this Court could entertain the plaintiff's civil claims, they could not be maintained because the defendants are clearly entitled to absolute immunity.

**(C)     The Plaintiff's Claims Pursuant to 18 U.S.C. § 242 and 18 U.S.C. § 371**

As this Court explained in Rockefeller v. United States Court of Appeals for the Tenth

---

[3] While the plaintiff does not directly name in his complaint any of the judges of the Tenth Circuit who affirmed the district court's decision which granted the DOE's motion for summary judgment in his case from which the claims in this case arise, even if such a claim could be construed from the complaint, dismissal would still be required for all the reasons expressed by this Court in Rockefeller v. United States Court of Appeals for the Tenth Circuit, 248 F. Supp. 2d 17. Moreover, the plaintiff would be barred from re-litigating these claims on res judicata grounds. Nevada v. United States, 463 U.S. 110, 113-115 (1983) (holding that the United States could not re-litigate the claims filed in the district court when a final decree had been previously awarded by the same district court on those same claims).

Circuit, 248 F. Supp. 2d 17, the plaintiff is precluded from asserting any claims pursuant to 18 U.S.C. § 242 and 18 U.S.C. § 371 because these are criminal statutes that do not permit the plaintiff to bring a private cause of action.  See Dugar v. Coughlin, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985) (holding that an individual could not bring a private cause of action under 18 U.S.C. § 242 and 18 U.S.C. § 371 because the statutes did not confer a private right of action); see also Powell v. Kopman, 511 F. Supp. 700, 704 (S.D.N.Y. 1981) (holding that 18 U.S.C. § 242 does not create a private right of action); Fiorino v. Turner, 476 F. Supp. 962, 963 (D. Mass. 1979) (failing to locate any authority which would support a private cause of action under 18 U.S.C. § 242 and 18 U.S.C. § 371).  Accordingly, the Court must dismiss the plaintiff's claims regarding the defendants' alleged violations of 18 U.S.C. §§ 242 and 371.

### III.    Conclusion

This court's Circuit Court of Appeals has previously affirmed a district court's sua sponte dismissal of a complaint when the district court had found that further adjudication of a plaintiff's claims would be futile and a waste of judicial resources.  In Luftig v. McNamara, 373 F.2d 664 (D.C. Cir. 1967), the District of Columbia Circuit affirmed a district court's sua sponte dismissal of a complaint when it was clear that the plaintiff's allegation constituted a political question beyond the Court's jurisdiction.  Id. at 665-66.  Similarly, the District of Columbia Circuit recently affirmed a sua sponte dismissal by this Court of a complaint seeking both damages from the five justices of the United States Supreme Court who were in the majority in Bush v. Gore, 531 U.S. 98 (2000), and an order demanding a new presidential election, finding that the Court lacked subject matter jurisdiction to review such claims.  Tilli v. Rehnquist, No. 02 Civ. 2108 (D.D.C. Apr. 2, 2003), aff'd, No. 02 Civ. 2108 (D.C. Cir. July 2, 2003).  Accordingly,

this Court will sua sponte dismiss the plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) because this Court lacks subject matter jurisdiction to review the decision of the Supreme Court denying the plaintiff's Petition for a Writ of Certiorari, because even if the Court could exercise jurisdiction over the judicial officers named in his complaint the claims would have to be dismissed on absolute immunity grounds, and because the plaintiff is unable to bring a private cause of action under 18 U.S.C. § 242 and 18 U.S.C. § 371.[4]

    **SO ORDERED** this 30th day of July, 2003.

                                                  REGGIE B. WALTON
                                          United States District Judge

---

[4] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.